IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-07-CR-0257-B(01) |
| | § | NO. 3-08-CV-0787-B |
| DERRICK ADRIAN JOHNSON | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Derrick Adrian Johnson, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice.

I.

A jury convicted defendant of bank robbery in violation of 18 U.S.C. § 2113(a). The trial court assessed punishment at 115 months confinement followed by supervised release for a period of three years. On May 1, 2008, defendant, through his attorney, timely filed a motion for extension of time to file a notice of appeal. That motion is currently pending before the district judge.[1] A notice of appeal was filed the same day and has been docketed by the Fifth Circuit. *United States v. Johnson*, No. 08-10482. On May 8, 2008, defendant, appearing *pro se*, filed a motion for post-conviction relief under 28 U.S.C. § 2255.

II.

In multiple grounds for relief, defendant contends that: (1) he received ineffective assistance of counsel; (2) the prosecutor knowingly presented false and misleading testimony and evidence at

---

[1] Under the federal rules, the district court may extend the time to file a notice of appeal for a period not to exceed 30 days upon a finding of "excusable neglect" or "good cause." *See* Fed. R. App. P. 4(b)(4).

trial; (3) the government failed to disclose evidence favorable to the defense; and (4) the trial court improperly admitted prejudicial evidence of extraneous offenses.

III.

"[A] criminal defendant may not collaterally attack his conviction until it has been affirmed on direct appeal." *Fassler v. United States*, 858 F.2d 1016, 1019 (5th Cir. 1988), *cert. denied*, 109 S.Ct. 2450 (1989), *citing Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972). Where, as here, a defendant seeks section 2255 relief while a direct appeal is pending, the district court should decline to address the motion. *See, e.g. Canales v. United States*, No. 3-07-CV-0078-L, 2007 WL 646189 at *1 (N.D. Tex. Feb. 28, 2007) (defendant may not seek post-conviction relief while direct appeal is pending); *Risby v. Wendt*, No. 3-04-CV-0291-R, 2004 WL 828067 at *5 (N.D. Tex. Apr. 15, 2004), *rec. adopted*, 2004 WL 937013 (N.D. Tex. Apr. 29, 2004), *appeal dism'd*, No. 04-10533 (5th Cir. Nov. 15, 2004) (construing application for writ of habeas corpus as a section 2255 motion and dismissing case without prejudice because underlying criminal conviction was on appeal); *United States v. Norwood*, No. 7-06-CV-187-R, 2006 WL 3350207 at *1 (N.D. Tex. Nov. 15, 2006) (dismissing section 2255 motion as "premature" where direct appeal was pending).

### RECOMMENDATION

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to post-conviction relief at this time. Accordingly, defendant's motion to correct, vacate, or set aside his sentence should be summarily dismissed without prejudice. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 12, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE